IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RAYMOND AIGBEKAEN,** #94655-379, <br><br>           **Plaintiff,** <br><br> v. <br><br> **USA,** <br> **MERRICK GARLAND,** <br> **BOP DIRECTOR,** <br> **WARDEN FCI-GREENVILLE,** <br> **AW CHAPLAIN,** <br> **DR. AHMED,** <br> **MR. MOLTON,** <br> **JOHN DOE, and** <br> **DR. SEUSS,** <br><br>           **Defendants.** | Case No. 23-cv-00542-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Raymond Aigbekaen, an inmate in the custody of the Federal Bureau of Prisons and currently being held at Federal Correctional Institution Englewood, commenced this action by filing a Complaint alleging violations of his rights while housed at Federal Correctional Institution Greenville (FCI-Greenville) pursuant to 42 U.S.C. §§ 1983, 1985, 1986, ADA, RFRA, RLUIPA, RA, and *Bivens v. Six Unknown Federal Narcotics Agents*. (Doc. 1, p. 2). This case is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims and dismiss any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune. 28 U.S.C. § 1915A. Here, before the Court screens the Complaint, it must first determine whether any claims are improperly joined

in one action and subject to severance. *See Dorsey v. Varga*, 55 F.4th 1094 (7th Cir. 2022); *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

## DISCUSSION

In the Complaint, Plaintiff describes a list of violations that have occurred at FCI Greenville, including: (1) being punished for having a mental illness by being stripped and placed in solitary confinement; (2) deliberate indifference on the part of staff to his various health conditions such as asthma, PTSD, derealization, acute onset mutism, and sleep apnea; (3) refusing to provide him a CPAP machine resulting in him being unable to sleep and participate in daily activities; (4) being denied a religious diet and items, the ability to contact his family, and access to the courts while in the special housing unit; (5) placing him in a cell with a sexual predator in retaliation for filing a lawsuit; (6) failing to protect him from harassment by his cellmate; (7) denying him access to forms for administrative relief; (8) denying him telephone use; (9) being housed in overcrowded conditions; and (10) opening his legal mail.

To survive preliminary review under Section 1915A, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The complaint must also associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and they can properly answer the complaint. *Id.* at 555.

A complaint also must follow the rules of joinder. FED. R. CIV. P. 18-21. Specifically, Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. In other words, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or

occurrences and presents a question of law or fact common to all. FED. R. CIV. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Plaintiff has improperly joined claims and parties. His Complaint is a laundry list of grievances based on events that have occurred at FCI-Greenville. Many of the allegations arise from distinct transactions or occurrences and share no common questions of fact or law. The claims cannot proceed together in one lawsuit. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (A "litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot.").

Pursuant to *Dorsey v. Varga,* 55 F.4th 1094, 1107-08 (7th Cir. 2022), Plaintiff's Complaint will be stricken based on the improper joinder of the issues described above. He may pursue only related claims against a single group of defendants in this case and must file separate lawsuits to pursue his other claims. Because Plaintiff is in the best position to decide which claims he intends to pursue in this lawsuit, he will be given an opportunity to amend the Complaint before the Court conducts the required merits screening of his claims under Section 1915A.

## DISPOSITION

The Complaint (Doc. 1) is **STRICKEN** for improper joinder of claims and/or defendants. Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **December 4, 2023,** that focuses on one claim or set of related claims against one or more defendants that arises from a single transaction or occurrence or series of transactions or occurrences.

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint. The First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The

First Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. **He should label the form "First Amended Complaint" and use the case number for this action (No. 23-cv-00542-SPM)**. Plaintiff should identify each defendant in the case caption and include sufficient factual allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ....").

Should Plaintiff attempt to bring unrelated claims against different groups of defendants in the same Complaint, the Court will exercise its discretion under Rule 21 to sever or dismiss them. Therefore, Plaintiff should instead file one or more additional lawsuits to address each distinct group of claims he wishes to pursue. If he chooses to do so, Plaintiff should remain mindful of the 2-year statute of limitations applicable to his claims under Section 1983 and should file any new lawsuit before the 2-year time period expires. Plaintiff will be obligated to pay a separate filing fee for each additional suit he files, and he will receive a "strike" for any suit that is dismissed because it is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(g).

If Plaintiff fails to file his First Amended Complaint *in this case* within the allotted time or consistent with the instructions set forth in this Order, the entire case will be dismissed with prejudice for failure to comply with a court order and/or failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change

in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED:   November 6, 2023**

                                              *s/Stephen P. McGlynn*
                                              **STEPHEN P. MCGLYNN**
                                              **United States District Judge**