IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RAYMOND AIGBEKAEN,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**DR. AHMED,** *et al.*,<br><br>     **Defendants.** | Case No. 23-cv-00542-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Raymond Aigbekaen, an inmate in the custody of the Federal Bureau of Prisons (BOP) and currently being held at Federal Correctional Institution Englewood, commenced this action by filing a Complaint alleging violations of his rights while housed at Federal Correctional Institution Greenville (FCI Greenville) pursuant to 42 U.S.C. §§ 1983, 1985, 1986, ADA, RFRA, RLUIPA, RA, and *Bivens v. Six Unknown Federal Narcotics Agents.* (Doc. 1, p. 2). After filing this lawsuit, almost two months later, Plaintiff filed a motion for leave to proceed *in forma pauperis*, which was granted. (Doc. 6, 10).

The original Complaint was stricken for improper joinder of claims and/or defendants, and Plaintiff filed an amended complaint. (Doc. 16, 21). Prior to reviewing the First Amended Complaint pursuant to 28 U.S.C. § 1915A, however, the Court determined that Plaintiff was not eligible to proceed *in forma pauperis* (IFP). (Doc. 22). Plaintiff had "struck out" for the purposes of 28 U.S.C. §1915(g), and his IFP status was revoked. Plaintiff was directed to pay the full filing fee of $402.00 on or before March 4, 2024. The Court also instructed Plaintiff to show cause why sanctions, including dismissal of this case with prejudice, should not be imposed against him for attempting to mislead the Court regarding his case history. Plaintiff had indicated on his IFP

application that he had not had three or more civil actions dismissed as being frivolous, malicious, or for failure to state a claim. (Doc. 7). When filing the First Amended Complaint, Plaintiff did not disclose his strikes, as instructed in previous cases and by this Court, and he failed to list all lawsuits he had initiated. Plaintiff was advised that failure to both pay the full filing fee and respond to the instructions to show cause why sanctions should not be imposed would result in dismissal of this case. (Doc. 22).

Plaintiff filed a response to the Show Cause Order. (Doc. 23). He states that he objects to the revocation of his IFP status and that $9.92 was taken from his account on March 1, 2024, and therefore, he has met the deadline of March 4. Plaintiff argues that at the time of filing his Complaint, he was clearly in imminent danger. He had been placed in a cell with an individual who targets black men, he was facing retaliation, and he was being denied health care. In the alternative, Plaintiff argues that he has not received three strikes because a claim that is dismissed as time barred does not count as a strike.

Plaintiff further claims that he did not intentionally mislead the Court by not disclosing his three strikes or litigation history. Plaintiff asserts that he was informed by the United States District Court for the District of New Jersey in 2021 that he did not have three strikes. He has provided the Court a copy of the order along with his response. (*See* Doc. 23, p. 3). He continues that he was also not aware of his three strikes because the court order from the United States District Court for the District of Connecticut informing him that he had incurred three strikes was issued a year after he filed for IFP with this Court. Finally, Plaintiff explains that he has derealization disorder, which impacts his functions, and he cannot be blamed for missing lines on a form.

The Court finds Plaintiff's reasons for failing to disclose his litigation and strike history in his First Amended Complaint unpersuasive. Even if Plaintiff was operating under the belief that he did not have three strikes as of April 10, 2023, at the time he filed his motion to proceed IFP

due to the 2021 order issued by the District of New Jersey, this fact does not explain why he omitted his full litigation history and assessment of three strikes when expressly asked in his First Amended Complaint filed on January 26, 2024. Plaintiff filed the First Amended Complaint after the District of Connecticut had concluded that Plaintiff had three cases dismissed that qualified as strikes for the purposes of Section 1915(g) on November 1, 2023. *See Aigbekaen v. Warden,* No. 21-cv-0526-JAM, Doc. 49 (D. Conn. Nov. 1, 2023) (revoking Plaintiff's IFP status). Plaintiff had also been informed by the Southern District of California that at least four of his cases had been dismissed for failure to state a claim on October 26, 2020. *See Aigbekaen v. Apple, Inc.,* No. 20-cv-01603, Doc. 4 (S.D. Cal. Oct. 26, 2020). Although the Southern District of California's decision conflicts with the decision by the District of New Jersey, neither case was revealed in the First Amended Complaint. Furthermore, if Plaintiff truly believed he had not struck out as he claims, then there would be no reason for him to indicate that he was proceeding under the imminent danger exception on his IFP application. (Doc. 7, p. 1).

  Likewise, Plaintiff's explanation that he suffers from derealization disorder and cannot "be blamed for missing some lines in a form" also does not speak to why he did not fully disclose his litigation history or strikes in his First Amended Complaint. Nothing in the docket or on the civil complaint form used in filing the First Amended Complaint indicates that Plaintiff has had difficulty understanding and following the instructions given to him by the Court or that he simply could not remember previous or current cases. In answering the questions regarding his previous lawsuits, Plaintiff does not "miss" any lines. (*See* Doc. 21, p. 3-4). He responds to eight of the ten questions appropriately but provides information for only a single case litigated in Maryland; despite, the fact that he was instructed to list *all* lawsuits litigated in any jurisdiction, even if to do so would require the use of additional sheets of paper.

  The Court finds that Plaintiff's omission of his litigation history in the First Amended

Complaint was both material and intentional and therefore, constituted fraud on the Court. *See Greyer v. Ill. Dep't of Corr.,* 933 F. 3d 871, 878 (7th Cir. 2019). Failing to inform the Court of his litigation history is material, as it is up to this Court to review and determine whether previous dismissals count as strikes and decide whether Plaintiff can proceed IFP in this case. *See Hill v. Madison Cnty, Ill.,* 983 F. 3d 904, 906 (7th Cir. 2020) ("we have understood §1915(g) to leave the effective decision to a later tribunal"). As a frequent litigator, Plaintiff's litigation history is also pertinent to whether he has engaged in previous misconduct or vexatious filing relevant to this case or whether his alleged facts overlap with those in other lawsuits, which may "suggest the current case is frivolous or malicious." *Greyer,* 933 F. 3d at 878. *See also Spiker v. Erkines,* No. 22-1991, 2022 WL 17662098, at *2-3 (7th Cir. Dec. 14, 2022).

Furthermore, as discussed above, Plaintiff's explanations for failing to disclose his litigation history are unsatisfactory. Plaintiff has commenced over twenty civil cases, not including appeals, since 2017, and even though the Court can understand that remembering so many cases would be difficult, Plaintiff did not even attempt to name the cases he was litigating at the time he filed the First Amended Complaint.[1] Plaintiff has been alerted to the fact that he is to follow the directions on the civil complaint forms issued by district courts,[2] and the civil rights complaint form in this case notified Plaintiff that failure to list all lawsuits could result in sanctions. In light of the number of cases he has litigated, Plaintiff's omission "cannot be attributed to inadvertence or mistake" and can only be characterized as intentional. *Hoskins v. Dart,* No. 10 C 0677, 2010

---

[1] *See Aigbekaen v. United States of America,* No. 20-00033 (E.D. Tex. Jan. 30, 2020); *Aigbekaen v. Warden FCI Fort Dix,* No. 20-cv-08608 (D. New Jersey July 10, 2020); *Aigbekaen v. Warden,* No. 21-cv-01526 (D. Conn. Nov. 15, 2021); *Aigbekaen v. Williams,* No. 22-02599 (S.D. Ill. Nov. 8, 2022); *Aigbekaen v. Williams,* No. 23-cv-03215 (D. Colo. Dec. 4, 2023); *Aigbekaen v. No Named Defendant,* No. 23-cv-03439 (D. Colo. Nov. 17, 2023).

[2] *See Aigbekaen v. Field Museum of Nat'l History*, No. 20-cv-04037, Doc. 7 (N.D. Ill. Oct. 2, 2020) (pointing out that the district court's complaint form required plaintiffs to include litigation history and emphasized that to omit such information was an "important oversight" by Plaintiff "given that [he] appears to have filed over a dozen civil cases and appeals, numerous petitions for habeas corpus, and other lawsuits related to his criminal proceedings").

WL 11545927, at *2 (N.D. Ill. Feb. 26, 2010), *aff'd,* 633 F. 3d 541 (7th Cir. 2011).

At this point, the Court finds that the only appropriate sanction is dismissal of this case with prejudice based on Plaintiff's omission of his litigation and strike history from the First Amended Complaint when he has sought and been approved to proceed IFP. Monetary sanctions would be ineffective against a litigant such as Plaintiff, who is a prolific filer and continues initiate federal lawsuits and incur litigation fees without concern. *See Hoskins*, 633 F.3d at 543 (dismissal with prejudice appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal); *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (termination of suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strikes status committed a fraud upon the court). *See also Postlewaite v. Duncan*, 668 F. App'x 162 (7th Cir. 2016) (immediately terminating appeal filed by plaintiff who falsely represented to district court and Court of Appeals that he was eligible to proceed in forma pauperis); *Ramirez v. Barsanti*, 654 F. App'x 822 (7th Cir. 2016) (same).

To the extent Plaintiff is asking the Court to reconsider the Order revoking his IFP status and finding that he had not demonstrated imminent danger, the request is denied. (Doc. 22). *See* FED. R. CIV. P. 54(b). The Court properly found that Plaintiff had previously filed three lawsuits dismissed as frivolous, malicious, or for failure to state a claim. Thus, he is not eligible to pay the filing fee in installments, unless he established that he was "under imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g). *See Aigbekaen v. Harford Cnty. Sheriff's Dep't,* No. 19-cv-01864-JKB (D. Md. May 19, 2020) (dismissed as barred by the statute of limitations); *Aigbekaen v. Field Museum of Natural History*, No. 20-cv-04037 (N.D. Ill. Oct. 2, 2020) (dismissed as frivolous); *Aigbekaen v. Apple, Inc.*, No. 20-cv-01603-JAH-ILL (S.D. Cal.

Oct. 26, 2020) (dismissed as frivolous). Plaintiff's argument that *Aigbekaen v. Harford Cnty. Sheriff's Dep't* should not be considered in the strike analysis because a case dismissed as time barred does not count as a strike pursuant to Section 1915(g) is not well taken. The Supreme Court has explained that a "complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations…show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199 (2007). The Seventh Circuit has upheld decisions by district courts to dismiss the case at screening as time barred and assess a strike. *See Cannon v. Newport,* 850 F. 3d 303, 307-08 (7th Cir. 2017) (assessing two strikes under Section 1915(g) – one for the complaint that was time barred and one for the appeal); *Richards v. Kleinhubert,* 263 F. App'x 493, 495 (7th Cir. 2008). *But see Hatch v. Briley*, 230 F. App'x 598, 599 (7th Cir. 2007). *See also Akassy v. Hardy,* 887 F. 3d 91 (2d. Cir. 2018).[3] The Court correctly identified *Aigbekaen v. Harford Cnty. Sheriff's Dep't* as a case dismissed for failure to state a claim and determine that it qualifies as a strike under Section 1915(g). Even if the Court had erred in relying on *Aigbekaen v. Harford Cnty. Sheriff's Dep't* to determine Plaintiff's three strike status, the Court has since discovered a fourth case dismissed for reasons enumerated under Section 1915(g). *See Aigbekaen v. Officer Wendy M. Fu*, No. 21-969, Doc. 41 (2d. Nov. 15, 2021) (dismissing appeal as frivolous). Thus, Plaintiff is not eligible to proceed IFP in this case.

The Court also rightly ruled that Plaintiff's Complaint does not assert facts establishing

---

[3] Citing *Parker v. Montgomery Cnty. Corr. Facility*, 870 F.3d 144, 147 (3d Cir. 2017) (dismissal on two-year statute-of-limitations grounds, where the 2014 complaint sought relief for misconduct alleged to have occurred in 2011, was a strike under § 1915(g) ); *Belanus v. Clark*, 796 F.3d 1021, 1030 (9th Cir. 2015) (dismissal of a complaint as barred "on its face" by the statute of limitations is a dismissal "for failure to state a cause of action upon which relief could be granted" and is a strike under § 1915(g) ), *cert. denied*, 580 U.S. 849 (2016); *Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir.) (if the plaintiff's claims "were dismissed ... as time-barred based on his own allegations, they were dismissed for failure to state a claim, and the dismissal is a strike under § 1915(g)"), *cert. denied*, 565 U.S. 934 (2011); *Pickett v. Texas,* 356 F. App'x. 756, 757-58 (5th Cir. 2009) (dismissal on two-year "statute-of-limitations grounds," where 2008 complaint sought relief for misconduct alleged to have occurred in 2004, counts as a "strike[ ] for purposes of 28 U.S.C. § 1915(g)"), *cert. denied*, 560 U.S. 930 (2010).

that he was in "imminent danger of serious physical injury" at the time of initiating this lawsuit in 2023. In the Complaint, Plaintiff complains of being placed in a cell with a dangerous cellmate for two months back in 2022 (Doc. 1, p. 5), and allegations of past injuries that have not recurred do not qualify under imminent danger exception. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). The alleged retaliation by staff in the form of preventing him from filing administrative complaints and the denial of a CPAP machine, which he claims he has been without since entering BOP custody in 2017, also do not place Plaintiff at real and proximate threat of serious physical injury. (*Id.*). *See also Lewis v. Sullivan,* 279 F. 3d 526, 531 (7th Cir. 2002) (the imminent danger exception is available for genuine emergencies "where time is pressing"). Accordingly, the Court will not reconsider or modify the order revoking Plaintiff's IFP status.

Because he is no longer proceeding IFP, Plaintiff was directed not only to respond to the Show Cause Order by March 4, 2024, but also to pay the full filing fee of $402.00. (Doc. 22). To date, Plaintiff has failed to pay the filing fee in full. Therefore, this action is also dismissed for failure to comply with an Order of this Court. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

## DISPOSITION

For the reasons provided above, this action is **DISMISSED with prejudice** as a sanction against Plaintiff for intentionally misrepresenting his litigation history to the Court and for failure to comply with an order of the Court to pay the full filing fee.

Plaintiff is **WARNED** that he may be subject to additional sanctions, including monetary fines and/or a filing ban until all outstanding fines and fees are paid in full, if he seeks IFP status and fails to disclose his litigation history or the fact that he has "struck out" under 28 U.S.C. § 1915(g) in any future action he files in this District.

Plaintiff is **ADVISED** his obligation to pay the filing fee for this action was incurred at the

time the action was filed, thus the filing fee of $402.00 remains due and payable. 28 U.S.C. § 1915(b)(1).

If Plaintiff wishes to appeal this order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons,* 547 F.3d at 725-26; *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Plaintiff must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 17, 2024**

                                                     *s/Stephen P. McGlynn*
                                                   **STEPHEN P. MCGLYNN**
                                                   **United States District Judge**